# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 5, 2010

No. 09-30374

Charles R. Fulbruge III
Clerk

HENRY WALLACE,

Plaintiff-Appellant

v.

LOUISIANA BOARD OF SUPERVISORS FOR THE LOUISIANA STATE
UNIVERSITY AGRICULTURAL AND MECHANICAL COLLEGE,

Defendant-Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:01-CV-579

Before REAVLEY, DAVIS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Henry Wallace appeals from the district court's judgment after a bench trial finding in favor of the defendant on Wallace's Title VII racial discrimination claim under 42 U.S.C. § 2000e-2(a)(1), and his Equal Pay Act claim, 29 U.S.C. § 206(d)(1). For the following reasons, we AFFIRM:

    1. Because this case was tried on the merits, we are not concerned with the adequacy of the parties' showing under *McDonnell Douglas* and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

instead review the district court's finding on the ultimate factual issue of discrimination *vel non* for clear error. *See Merwine v. Bd. of Trustees for State Institutions of Higher Learning*, 754 F.2d 631, 636 (5th Cir. 1985). We agree with the district court that Wallace's salary was based on the workings of the classified and unclassified civil service system, as well as the operation of the LSU employee system, which the district court accurately described at trial as "Byzantine." Wallace fails to show that any disparity in pay was based on his race, and his claim is supported by only his own subjective belief. *See Byers v. Dallas Morning News, Inc.*, 209 F.3d 419, 427 (5th Cir. 2000) (rejecting plaintiff's reliance on subjective belief regarding discriminatory intent); *Anderson v. Douglas & Lomason Co.*, 26 F.3d 1277, 1297–98 (5th Cir. 1994) (holding that plaintiffs' mere collective belief was insufficient to prove that race was the true reason for disparate treatment). We conclude there is no clear error in the district court's judgment.

2. Wallace's Equal Pay Act claim also fails. Although Wallace and Helen Bates both performed CFO duties, Bates was never placed in the official classified position of CFO. She performed additional duties as Director of Patient Financial Services, and the trial testimony was that her salary was set under the LSU employee system. Furthermore, Bates's salary was also initially determined so as to compensate her for having to relocate from Baton Rouge. Bates therefore did not perform substantially equal work, and her salary was based on factors other than sex. *See Siler-Khodr v. Univ. of Tex. Health Science Ctr. San Antonio*, 261 F.3d 542, 546 (5th Cir. 2001); 29 U.S.C. § 206(d)(1).

AFFIRMED.